EMPIRE CREAM SEPARATOR COMPANY

*vs.*

GEORGE H. CURTIS.

Androscoggin. Opinion October 7, 1924.

*Verdict sustained.*

In this case the plaintiff corporation contends that certain farm machinery shipped to the defendant was sold to him unconditionally. There was evidence, however, tending to show a conditional sale and other evidence tending to prove a consignment of the machinery to be sold by the defendant on commission.

The jury were justified in finding either theory to be the true one, the order given being consistent with either.

The jury found for the plaintiff for the price of machinery actually sold and not for that unsold.

On motion. An action of assumpsit to recover for farm machinery which plaintiff contends it sold to defendant unconditionally. A part of the machinery had been sold by defendant and a part of it unsold, defendant claiming that he was to sell it on commission. A verdict for the plaintiff for $293.97 was rendered, that being the price of so much of the machinery as defendant had sold, not including that unsold. The plaintiff filed a general motion for a new trial. Motion overruled. Verdict sustained.

The case is sufficiently stated in the opinion.

*William H. Newell,* for the plaintiff.

*Frank A. Morey,* for the defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J. In 1920 the plaintiff upon the defendant's order shipped to him certain farm machines. These were intended to be sold at retail by the defendant. Some of the machines were returned, or otherwise disposed of and are not now involved in the case. Two were sold by the defendant. The rest are still in his possession. His offer to return them has been refused. Suit was brought to recover for all. The jury by its verdict for $293.97, found that the plaintiff was entitled to recover for those only which the defendant had sold. The case comes to this court on the plaintiff's motion. It contends that the verdict is against law and evidence and that the damages are inadequate.

In the transaction the plaintiff was represented by its agent, Harrington. The following year, one Sheldon, another agent of the plaintiff came to the defendant's place of business and as is alleged, made certain promises with reference to the return of the machines. This feature of the case has been previously passed upon by this court. Sheldon's promises were apparently unauthorized and plainly without consideration. *Separator Co.* v. *Curtis,* 123 Maine, 247.

But the defendant relies upon the conditions of the original transaction. Evidence that the jury were entitled to believe, and which is for the most part uncontradicted, shows that the machines were ordered and shipped pursuant to the terms of a written contract between the parties made in the Spring of 1920. In concluding this contract the plaintiff was represented by Harrington and the defendant by his son, George Curtis, Jr.

After the contract was drafted and signed it was delivered to Harrington. No duplicate copy was made.

Harrington testifies that having received the contract he forwarded it by mail postage prepaid to the Empire Cream Separator Co., directed to one of its main offices and that it was not returned, although a return direction was printed on the envelope.

The only copy of the contract was thus traced into the hands of the plaintiff. The plaintiff did not produce it, nor explain its absence, nor deny its receipt. Mr. Haeusler, the plaintiff's secretary and treasurer, testifies that he does not know whether he received it or

not.   Thereupon, the foundation having been laid, the presiding Justice admitted secondary evidence of the contents of the written contract.

Two witnesses, (the same persons who made the contract) testified to its contents.   Harrington said "The substance of it was that he (the defendant) was to act as agent" and "to receive a per cent on all the goods he sold."   According to Harrington's recollection there was also a provision that the plaintiff should provide assistance in selling.   As is usual when witnesses honestly and without collusion attempt to recall the contents of a written document the witnesses do not remember the terms of the contract precisely alike.   George Curtis, Jr. testifies that the contract was to cover "the distributing of milking machines and appliances" in certain territory; that there was an agreement relative to having assistance in disposing of them and that "it was guaranteed that all machines would be sold.   If not they were to be transferred elsewhere."

The jury evidently believed and held and were justified in believing and holding that shortly before the machines were ordered and shipped a contract as described was entered into by the defendant and the plaintiff's selling agent, that this contract was sent to the plaintiff, received by and assented to by it and that all machines were ordered and shipped in pursuance of such contract and subject to its terms. So believing and holding, the jury was justified in deciding by its verdict that the defendant does not owe the plaintiff for unsold machines.

To otherwise determine we should have to hold that the jury was bound to disbelieve and disregard the testimony of Harrington and Curtis.

The fact is stressed that each of the defendant's orders for machines contains the words "all agreements relative to this order are indicated hereon."   The orders, like the contract, are upon printed blanks supplied by the plaintiff corporation.   Printed diagonally across each order are the words above quoted.   Otherwise with the exception hereinafter noted, the orders are in the ordinary stereotyped form. They contain nothing about payment.   Nothing else appearing a promise of payment is implied.   But if, as Harrington testified and as the jury found, Curtis had been made the plaintiff's agent to sell its product upon commission the form of order used was equally appropriate and gave rise to no implication of a promise to pay for

machines unsold. Moreover the agreement or contract which the parties had entered into and signed was "indicated hereon." Each order contains the printed words "Term as per contract." The defendant was abundantly justified in understanding that the "contract" referred to was that which he had signed and which the plaintiff had received and kept; that his orders were given and filled pursuant to the terms of such contract and subject to its conditions.

This case has been previously before the Law Court. *Separator Co.* v. *Curtis*, supra.

In the former opinion it is held and is herein reiterated that the promises made by Sheldon are utterly without legal significance. We do not now question, but on the other hand reaffirm what is said in that opinion relative to failure to furnish assistance. These were the only points decided by the earlier opinion.

The written contract between the parties pursuant to which, in the judgment of the jury, the orders were given and machines shipped was not considered.

*Motion overruled.*